Francis M. WILHELMI, Appellant,

v.

The STATE of Texas, Appellee.

No. 38087.

Court of Criminal Appeals of Texas.

April 7, 1965.

sexual parts and commit an act of sodomy upon her. The prosecutrix testified that appellant first put his hand on her breast, and after she told him to stop he pulled off her panties and used his mouth upon her private sexual parts. She hollered for her little sister, and appellant proceeded to suck her breasts and attempted to put his sexual part into her sexual part but did not succeed in a penetration.

It was stipulated by and between the parties, when the ten-year-old sister of the prosecutrix was called to the witness stand, that she saw appellant get in bed with the prosecutrix on the morning in question and after she left the room at appellant's request she heard the prosecutrix "cry out to stop and quit it."

Appellant's written confession, made to Officer R. D. Davis, was introduced in evidence by the state after a separate hearing was held · by the court in the jury's absence on the question of its admissibility.

In the jury's absence, appellant testified that he was not warned by Officer Davis before signing the statement and also that the officer threatened him with physical violence. His testimony was denied by Officer Davis and the officer swore positively that he did give appellant the legal warning and that he did not threaten him in any way.

At the conclusion of the hearing and before the confession was admitted in evidence and read to the jury, the court made an independent finding, duly entered of record, that appellant freely and voluntarily made and signed the statement after having been duly and legally warned. In his charge the court also submitted to the jury the question raised by the evidence as to the voluntary nature of the confession and whether appellant was duly and legally warned by the officer to whom it was made.

In his confession appellant related that in the month of April he got in bed with

King C. Haynie, Houston (on appeal only by appointment of trial court), for appellant.

Leon B. Douglas, State's Atty., ·Austin, for the State.

DICE, Commissioner.

The offense is sodomy; the punishment, fifteen years.

The prosecutrix, fourteen years of age on the date of the alleged offense, whose mother was deceased, lived with appellant, her stepfather. Her half-brother and sister also lived in the home.

She testified that on the 22nd day of May, 1964, the appellant came into the room where she and her sister were in bed. He had been drinking and ordered the sister to leave the room. After she left the room, appellant got in bed with the prosecutrix and proceeded to fondle her breasts and

the prosecutrix and fondled her breasts and sexual parts and:

" * * * the next time I remember messing with * * * was Friday night, May 22nd. I had been out drinking and I came home after the kids were asleep. Both of the girls were in their bed asleep, and I went and got in bed with them. I woke * * * up, and I sucked her titties, then I put my finger in her pussy. Then I spread her legs out, and I sucked her pussy with my mouth. Then I took my * * * out and got on top of her and tried to * * * her, but I couldn't get it in. Then I started sucking her pussy again. Then she told me to leave her alone, and I got up and went to my bedroom and went to sleep."

Testifying as a witness in his own behalf, appellant stated that on the date in question he had been drinking and was so drunk he did not remember anything. He further testified that when he signed the confession the following day he was "still under the weather" and that the language in the confession was that of Officer Davis and not his words.

The jury by their verdict resolved the disputed issues against the appellant, and we find the evidence sufficient to sustain the conviction.

Appellant's sole claim of error on appeal relates to a certain question propounded to him on cross-examination by state's counsel.

During appellant's cross-examination he was asked certain questions, and the following transpired:

"Q. Have you been out on bond in this case? A. Yes sir.

"Q. And isn't it true that you were arrested last week for doing the same thing? A. No sir, it is not—

"MR. WHITFIELD: We object to that and ask for a mistrial at this time.

"THE COURT: I sustain the objection and instruct the jury you will not consider that question for any purpose. Your motion for a mistrial is overruled.

"MR. WHITFIELD: Note our exception."

The record reflects that before the question was asked, the appellant, while being cross-examined with reference to his acts on the occasion in question, testified "I never *done* anything like this in my life that I can remember."

While his testimony would have authorized the state to inquire if appellant had committed a similar act the week before, the trial judge correctly sustained his objection to the inquiry as to an arrest and properly instructed the jury not to consider the question for any purpose. Art. 732a, Vernon's Ann.C.C.P.

We do not agree that the question was so prejudicial that the error could not be cured by the court's instruction not to consider.

Mounts v. State, 148 Tex.Cr.R. 177, 185 S.W.2d 731, cited by appellant, is not here controlling, because in that case the fact-laden question was, under the record, wholly unauthorized and implied specific acts of misconduct on the part of the accused, whereas in the instant case the only vice in the question propounded to appellant was the inquiry as to his *arrest* for committing a similar act to the one charged.

The judgment is affirmed.

Opinion approved by the court.