**Sylvester MOORE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41068.**

Court of Criminal Appeals of Texas.

Feb. 21, 1968.

**444** ■ ■

Alfano, Dailey & Pitchford, by Fred H. Dailey, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James A. Brough and Ruben W. Hope, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

Appellant and James Moore were jointly indicted for the offense of robbery by assault.

Upon the granting of a severance, appellant was separately tried and convicted, with punishment assessed at life imprisonment in the Texas Department of Corrections.

Four grounds of error are urged by appellant on the appeal.

■ He first contends that the court erred in refusing his motion for individual and separate examination of the prospective jurors.

Under the provisions of Art. 35.17–1, C.C.P., it is within the discretion of the trial judge, in a non-capital felony case, to direct that the state and the defendant conduct the voir dire examination of the prospective jurors in the presence of the entire panel. It is only in capital cases where the state has made known it will seek the death penalty that either the state or the defendant is entitled, under Art. 35.17–2, C.C.P., to examine each juror on voir dire, individually and apart from the entire panel. The ground of error is overruled.

Appellant next contends that the court erred in refusing his motion in limine #1, which was a request that he not be required to sit at the defendant's table during the time the state's witnesses were testifying and that he be allowed to sit with others in the courtroom "so that his appearance with his counsel at the Defendant's table" would not assist the state's witnesses in identifying him.

■ In such motion, a further request was made by appellant "that if the State's Counsel requires the witnesses to identify this Defendant *that* such identification be made when the Defendant is seated or standing with other persons of the same general age, race, and sex." Request was also made that state's counsel be instructed "not to point out the Defendant to the witnesses while the Defendant is in the Courtroom or to show to said witnesses photographs of this Defendant for the purpose

of coaching the witnesses in order to bolster their description of the Defendant and further that the Court instruct the State's Counsel not to describe the physical appearance of this Defendant to the said witnesses."

We know of no law which prohibits a court from requiring that a defendant sit at the counsel table with his attorney during the trial. Nor do we know of any law which prohibits state's counsel from pointing to a defendant in the courtroom and referring to his physical appearance in the presence of witnesses. No authority is cited by appellant in support of his motion. The motion is wholly without merit, and the ground of error is overruled.

In his third ground of error, appellant insists that the court erred in denying his motion in limine #2, which requested the court to instruct counsel for the state and the state's witnesses to make no reference to or mention of firearms, or other deadly weapons used in commission of the offense, because the use of firearms was not alleged in the indictment.

The fact that robbery with firearms was not alleged in the indictment did not prohibit the state from making such proof in proving the offense of robbery by assault, which was alleged. Keppler v. State, 133 Tex.Cr.R. 623, 113 S.W.2d 900; Ramirez v. State, 169 Tex.Cr.R. 494, 335 S.W.2d 228.

In his fourth and last ground of error, appellant insists that the court erred "in allowing the State to offer evidence of extraneous offenses alleged in other indictments to have been committed by the Defendant."

While appellant, in his brief, does not set out or refer to the evidence showing extraneous offenses, a review of the record reflects that such evidence was properly admitted and limited in the court's charge to the impeachment of appellant's testimony as a witness. Under the record, no error is presented. Garcia v. State, 167 Tex.Cr.R. 593, 322 S.W.2d 536; Jones v. State, 169 Tex.Cr.R. 175, 332 S.W.2d 560; Wilhelmi v. State, Tex.Cr.App., 388 S.W. 2d 687.

The judgment is affirmed.