Roberto S. SERTUCHE, Appellant,

v.

The STATE of Texas, Appellee.

No. 42824.

Court of Criminal Appeals of Texas.

April 22, 1970.

Rehearing Denied June 2, 1970.

**842**

———◆———

Albert Armendariz, El Paso, for appellant.

Jamie C. Boyd, Dist. Atty., and Wanda E. Creamer, Asst. Dist. Atty., El Paso, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery; the punishment, five (5) years.

The sole question presented for review is the propriety of the in-court identification of appellant. There was only one witness to the robbery. She described the robber to the officers who arrived moments later. The next day the officers brought her a group of five pictures. The injured party did not identify any of the five stating that they were all too dark complexioned. A few days later the officers returned with four pictures. The first three the witness told the officers were from the group of five which she had seen before. Before the fourth picture was shown to the witness the officer said, "Now take your time before you say anything" and when shown the picture the witness said, "That's the guy." The witness was asked if she was sure and she said that she was. She had ample opportunity to observe the robber before he entered the store and during the course of the robbery even though the robber told her not to look at him. The witness stated that she had never been in court before and prior to the trial the prosecutor said, "I want you to come into court with us so you can look at him before we go to trial;" he told her the appellant "would be seated in front." She postively identified appellant at the trial. There was no lineup.

We have set forth the facts and must now apply the opinion of the Supreme Court of the United States in Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247. We hold that the police procedure employed in this case was not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

Finding no reversible error, the judgment is affirmed.