Clavis Charles JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 43383.

Court of Criminal Appeals of Texas.

Jan. 20, 1971.

Rehearing Denied Feb. 24, 1971.

**956**

Melvyn Carson Bruder, Dallas (Court Appointed on Appeal Only), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary; the punishment, two (2) years.

■ Appellant's first ground of error arises out of an ingenious contention. He asserts "the trial court reversibly erred in not granting the appellant's motion, filed prior to trial, to require the state to furnish persons to appear in a multi-person show up at the time of any in-court identification by state's witnesses."

When being questioned from our bench during argument, counsel was asked where this group of persons might be found. He answered that in Dallas County there were always a number of prisoners that could be brought into the courtroom. Counsel conceded that his suggestion might be more difficult to effectuate in a rural county. Counsel argued that all witnesses who would identify the defendant at the trial should be called in one at a time to view this in-court group. At this time each would identify the defendant; the remainder of his testimony would be had in the normal sequence. In all deference to counsel, we do not read United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, as he does. This contention is overruled.

■ His second ground of error is that the court improperly sustained a hearsay objection to certain testimony. In the absence of the jury, the question was permit-

ted. The question was, "Mrs. Robinson, when you spoke to Betty Johnson, at that time did you tell her that if she would give you two hundred dollars that you wouldn't testify against Clavis Johnson?" The witness answered, "No." Clearly, the answer he received was not helpful to him.

■ Later in the trial when the witness Betty Johnson was testifying, she was asked the question, "Have you talked with Retha Robinson since February the 12th, 1969?" She answered, "Yes sir, I have." Appellant's lawyer requested permission to ask Miss Johnson the nature of the conversation. The State objected that it was hearsay and the court sustained it. Appellant's trial counsel failed to show what her answer would have been and therefore nothing is presented for review.

■ Appellant's third ground of error relates to two pictures of the appellant shown to witness Foster Golden on the day of the trial. The police brought two pictures to Golden an hour prior to his testifying. They asked him if he could identify "the man" and the witness said he could. They then presented two pictures of appellant to him and he identified both of them as being "the man." The following occurred when Golden was cross-examined by the defense counsel:

"Q. Had you not been shown those pictures, could you identify—could you have identified this man?

"A. Yeah.

"Q. And you're telling the Court that the exhibiting of these pictures in no way aided you in your identification here in court.

"A. If I hadn't seen the pictures, I would still know him."

All of this occurred out of the presence of the jury. There was no objection to any of Golden's identification testimony.

The facts, as they have been stated, bring this case within the rule set forth in Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, wherein the court said: * * * we hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

Further, we note that appellant was also identified by Ernest Moore. The witness Moore saw the appellant and his companion leave the scene with the stolen property and followed them, losing them for a few moments. Then he saw them together again without the stolen property. He called the police's attention to them and was present when they were arrested.

Appellant's fourth ground of error is that Moore was permitted to testify that his companion pointed out appellant to the arresting officer; and that the arresting officer was permitted to testify that Moore and his companion identified appellant as the burglar. There was no objection to this testimony. Furthermore, appellant elicited the same testimony from Moore in his cross-examination.

■ Appellant's last contention is that venue is not proven. Such contention is without merit because the complaining witness testified that her apartment, the place burglarized, was in Dallas County, Texas.

Finding no reversible error, the judgment is affirmed.