Jimmy Ray WRENN, Appellant,

v.

The STATE of Texas, Appellee.

No. 44581.

Court of Criminal Appeals of Texas.

March 1, 1972.

Rehearing Denied April 19, 1972.

Don Metcalfe, Richard Geiger, Dallas, for appellant.

Henry Wade, Dist. Atty., and John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery. Punishment was assessed by a jury at ten years.

The record reflects that Edward Clapp, manager of a drive-in grocery in Dallas, was robbed at gun point by two men on September 15, 1969. Clapp positively identified appellant and one John Simmons as the two robbers.

Steve Colvin testified that he passed Clapp's drive-in grocery on the evening in question and noticed a car parked nearby with two men getting into the car in an unusual manner. Apparently on the suspicion that they had committed a robbery at the store, Colvin obtained the license number and description of the car, then notified the police.

The car was stopped some two hours later by a Dallas police officer. Driving the car was one Willis Horsley, sitting in the right front seat was John Simmons, and in the back seat was appellant. The police officer recovered a pistol in the front seat.

Willis Horsley and John Simmons were called by appellant to testify. Both Horsley and Simmons invoked their 5th Amendment rights during trial. Throughout the trial appellant contended that it was Horsley who assisted Simmons in the commission of the robbery and that he did not participate therein.

Horsley was brought before Witness Clapp to ascertain whether his previous identification of appellant, as one of the robbers was correct.

"Q. First let me ask you, was this man one of the two men that robbed you on the night of September 15th, the man you have just seen?

"A. No.

"Q. You are positive about this?

"A. Yes.

"Q. Okay, do you recall ever having seen him before?

"A. No."

The jury is the judge of credibility of the witnesses and the weight to be given their testimony. Judging from the verdict, the jurors believed the state's chief witness, Edward Clapp, that Horsley was not one of the robbers.

▆▆▆ The first contention made by appellant on this appeal is that the trial court erred in overruling his motion for a new trial on the basis of newly discovered evidence.

During the hearing on a motion for new trial, Simmons testified that appellant was not guilty of said offense. Simmons stated he had withheld his testimony earlier since, at the time of appellant's trial, the indictment charging him with robbery in this case was still pending. It should be noted that the state impeached Simmons' testimony with a record from his plea of guilty.

"Q. (By Simmons' Counsel) When you were arrested who was arrested?

"A. Horsley, myself, and Jimmy Ray Wrenn.

"Q. Do you know Jimmy Ray Wrenn?

"A. I do.

"Q. Was he involved in that robbery with you on that night?

"A. Yes, sir, he was.

"Q. Jimmy Ray Wrenn was?

"A. Yes."

Simmons later testified at the motion for a new trial that he had misunderstood the question concerning appellant's involvement. However, the record does reflect that Simmons named appellant as one of the participants in the robbery.

This court has previously held, in a case involving an almost identical situation, that when the trial counsel *actually knows* of the testimony that a witness could give, that testimony is not newly discovered evidence. Bennett v. State, Tex.Cr.App., 455 S.W.2d 239. Furthermore, the general rule is that testimony of a witness which would be merely cumulative of that adduced at the main trial is not such newly discovered evidence as to call for a new trial. e. g. Taylor v. State, Tex.Cr.App., 470 S.W.2d 693; Martin v. State, Tex.Cr.App., 459 S.W.2d 845. Appellant fully presented his defense of alibi at his trial. His contention is overruled.

▆▆▆ By his second and third grounds of error, appellant argues that he was deprived of a fair trial because the trial court refused to have accomplice witnesses Horsley and Simmons exhibited to the Witness Clapp.

The trial court is not required to hold an in-court lineup or to force the state to furnish multi-person confrontations during the trial.[1] Ward v. State, Tex.Cr.App., 474 S.W.2d 471; Johnson v. State, Tex.Cr.App., 462 S.W.2d 955. No error is shown.

▆▆▆ Ground of error number 4 contends that the trial court committed reversible error in failing to grant a mistrial due to the District Attorney's comments during the argument on punishment. His contention is based on the following:

" . . . in some cases, perhaps, maybe in a minor theft case or something such

1. The pre-trial identification was a lineup consisting of appellant, Horsley, and Simmons. Clapp identified appellant and Simmons as the two robbers. It should be noted that the trial court did allow Horsley to be brought into the courtroom. As previously noted, Clapp stated definitely that Horsley was not one of the robbers.

as this probation may be called for, but let me tell you, in the offense of robbery it is not called for."

The appellant immediately objected and the trial judge sustained his objection, instructed the jury to disregard the remarks of the district attorney, and overruled appellant's motion for mistrial.

The court's instruction sufficiently cured the error, if any. Dunlap v. State, Tex.Cr. App., 477 S.W.2d 605 (1971); Ward v. State, supra; Forgey v. State, 171 Tex.Cr. R. 355, 350 S.W.2d 32. In light of the court's ruling and instruction to the jury, we perceive no reversible error.

Finding no reversible error, the judgment is affirmed.