**Ronald Clyde BARNHILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57919.**

Court of Criminal Appeals of Texas,
Panel No. 1.

Sept. 21, 1983.

Allen C. Isbell, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Calvin A. Hartmann and Thomas L. Royce, Jr., Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P.J., and CLINTON, J.

ONION, Presiding Judge.

This is an appeal from a conviction for robbery. After the return of the jury's verdict of guilty, the trial court assessed punishment at four (4) years' imprisonment.

In three grounds of error appellant contends that his in-court identification by the complaining witness was improperly admitted as it was tainted by an impermissibly suggestive lineup and a still earlier photographic spread. Appellant also contends the court erred in permitting the complaining witness to bolster her in-court identification by testifying she made an identification of him at a lineup conducted in absence of counsel or an affirmative waiver of counsel.

The record reflects that about 9 a.m. on October 1, 1976, Alene Boles, manager of a Seven-Eleven store in Houston, was robbed at the store by a man brandishing what appeared to be a hand grenade or bomb. She described the man to police as having a moustache, shoulder-length dark hair, which was curly or wavy. She told police the man might be a Latin American male. Several weeks later Boles was shown a photographic spread of five photographs. She identified appellant's picture as that of the man who robbed her. Of the other four photographs, two were of blue-eyed blond hair men, one was a bald man and one was a man with a full beard. In her testimony Boles admitted the only photograph shown her that would remotely fit the description she had given the police was the one she identified.

On November 1, 1976, a police lineup of four men, including the appellant, was conducted. In the number one position was a male six feet tall weighing 170 pounds; number two was five foot, seven inches tall weighing 150 pounds; number three (appellant) was six feet tall weighing 165 pounds; number four was six foot, five inches tall weighing 190 pounds.

After viewing the lineup, Boles was unable to identify any of the men. As she left

the lineup room, Officer W.W. Lundy stated that sometimes people alter their appearance by changing their hair. At this comment Boles looked through the window on the door of the lineup room, and then tentatively identified appellant as the robber.

The record does not show that appellant's counsel was present at the lineup nor does it reflect that appellant waived the right to counsel at the lineup. The docket sheet shows that on November 3, 1976 the appellant appeared in court without counsel.

The record reveals that a felony complaint charging the appellant with the instant robbery was filed on October 30, 1976, prior to the date of the lineup.

The appellant filed a motion to suppress the identification alleging, inter alia, that his right to counsel under the Sixth and Fourteenth Amendments of the United States Constitution had been denied, and that any in-court identification was tainted by an impermissibly suggestive lineup and photographic spread and his due process rights were violated.

■ After a hearing, the suppression motion was overruled. The trial court made no findings of fact or conclusions of law as recommended by *Martinez v. State,* 437 S.W.2d 842 (Tex.Cr.App.1969).[1] Having obtained a ruling on his motion to suppress after hearing the appellant preserved any error for review. See *Waller v. State,* 581 S.W.2d 483 (Tex.Cr.App.1979) (Opinion on Appellant's Motion for Rehearing).

■ At the trial on the merits Boles was permitted to make, over objection, an in-court identification of the appellant as the robber. Thereafter, the complaining witness bolstered her in-court identification by testifying she had identified appellant at a lineup and selected his picture from a photographic spread.

Appellant relies upon *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d

1178 (1967). In *Martinez v. State,* supra, this court wrote:

> "*Wade* and *Gilbert,* cited by appellant, were fashioned to deter law enforcement authorities from exhibiting an accused to witnesses prior to trial for identification purposes without notice to and in the absence of counsel absent an intelligent waiver by the accused.

> "These cases clearly hold that a criminal suspect cannot be subjected to a pretrial identification in the absence of counsel without violating the Sixth Amendment. *If he is, the prosecution may not support or buttress a later in-court identification of the witness by any reference to the previous identification.* Still further, the in-court identification is not admissible at all unless the prosecution can establish by clear and convincing proof that the testimony is not the fruit of the earlier identification made in the absence of the accused's counsel. See also *Pearson v. United States* (5th Cir.1968) 389 F.2d 684."

*Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1971), limited the right to counsel at pre-trial identification procedures to those situations that occur after the initiation of formal judicial criminal proceedings.

The instant record shows that formal judicial criminal proceedings were instituted against appellant on October 30, 1976 prior to the lineup on November 1, 1976 by the filing of a felony complaint in the Justice of the Peace court. See and cf. *Moore v. Illinois,* 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977), holding that the United States Supreme Court will look to state law to determine when adversary or formal judicial proceedings are commenced.

In *Moore,* supra, the Court stated:

> "... the prosecution cannot buttress its case-in-chief by introducing evidence of a pretrial identification made in violation of the accused's Sixth Amendment

---

1. Such findings are always helpful to the appellate courts. The failure, however, to make written findings of facts is not reversible error.

*Garcia v. State,* 563 S.W.2d 925 (Tex.Cr.App. 1978); *Schneider v. State,* 645 S.W.2d 463, 466 (Tex.Cr.App.1983).

rights, even if it can prove that the pre-trial identification had an independent source 'That testimony is the direct result of the illegal lineup "come at by exploitation of [the primary] illegality," ' *Gilbert,* 388 U.S., at 272–273 [87 S.Ct. at 1956–1957], and the prosecution is 'therefore not entitled to an opportunity to show that the testimony had an independent source' Id., at 273 [87 S.Ct. at 1957]. Because the prosecution made use of such testimony in this case, petitioner is entitled to the benefit of the strict rule of *Gilbert.*" (at 231–232, 98 S.Ct. at 466)

Since the prosecution bolstered the complaining witness' in-court identification by eliciting from her identification made at the earlier lineup where appellant was not shown to have counsel and there was not demonstrated an affirmative waiver of counsel, reversible error is presented.

In view of our disposition of this appeal, we need not consider appellant's contention the in-court identification was tainted by an impermissibly suggestive photographic spread as well as a lineup. We need not answer therefore the question of whether the State proved by clear and convincing proof that the in-court identification was not the fruit of the lineup identification, or answer the question of whether, independent of the *Wade* and *Gilbert* exclusionary rules, there was a violation of due process. See *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Graham v. State,* 422 S.W.2d 922 (Tex.Cr.App.1968). See also *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Foster v. California,* 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969). We do observe that both the photographic spread and the lineup appear to be highly suggestive under the circumstances.

The judgment is reversed and cause remanded.