Elton R. BASKIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–83–00289–CR.

Court of Appeals of Texas,
San Antonio.

June 6, 1984.

Doug Young, San Antonio, for appellant.

Sam Milsap, Jr., Edwin E. Springer, Charles Estee, San Antonio, for appellee.

Before BUTTS, REEVES and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a conviction for burglary of a habitation (repeater). TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 1974). The jury found appellant guilty as charged by indictment. Appellant plead true to the enhancement count and the trial court assessed punishment at confinement for life.

The facts indicate that the complainant arrived home from work and was confronted by a black man holding a shotgun as he entered the house through the back door. The complainant described the appellant as a black man with a beard, of medium height and build. He testified that the black man took money from his wallet, struck him over the head with the shotgun and then shot him in the leg. That leg was later amputated at the hospital as a result of the wound. The complainant, while at the hospital, made a tentative identification of appellant from a photographic array.

Appellant in his first assignment of error complains that he was denied due process of law under the Fourteenth Amendment of the United States Constitution when the trial court denied his motion for an in-court lineup identification. Appellant argues that the complainant had no independent recollection of the events at the time of the offense, but that his in-court identification was based on the photographic spread identification made at the hospital and that appellant was the only black man in the courtroom. He claims that the identification procedure at trial was unnecessarily suggestive and conducive to irreparable mistaken identification. The motion was filed after the jury was impaneled, appellant had plead not guilty and the first witness called. Appellant did

not file a pre-trial motion to suppress the identification. Appellant's motion submitted on the day of the trial was untimely filed. *Bosley v. State,* 414 S.W.2d 468, 470 (Tex.Crim.App.1967), *cert. denied,* 389 U.S. 876, 88 S.Ct. 172, 19 L.Ed.2d 162. The question of whether to hold a hearing on the motion rested within the discretion of the trial court. *Hicks v. State,* 508 S.W.2d 400, 403 (Tex.Crim.App.1974); *also see* TEX.CODE CRIM.PROC.ANN. art. 28.01 § 1(6) (Vernon Supp.1984).

In *Moore v. State,* 424 S.W.2d 443, 444 (Tex.Crim.App.1968) a motion was filed requesting "that if the State's Counsel requires the witness to identify this Defendant *that* such identification be made when the Defendant is seated or standing with other persons of the same general age, race and sex." The Court held the motion to be without merit. The trial court is not required to hold an in-court line-up or to force the State to furnish multi-person confrontations during trial. *See Wren v. State,* 478 S.W.2d 98, 100 (Tex.Crim.App. 1972). We, therefore, conclude that appellant waived error, if any, by not timely filing the motion to suppress the identification. The motion for the in-court line-up identification is without merit. Ground of error number one is overruled.

In the second ground of error appellant alleges that the trial court committed reversible error by permitting the State, over appellant's objection, to bolster the complainant's in-court identification by eliciting from him the identification made of appellant from the pre-trial photographic spread. At the trial on the merits the complainant identified appellant as the man inside his house holding his shotgun. Subsequently the witness was shown, over objection, the six photographs used in the pre-trial photographic spread identification. The witness identified appellant's photograph.

In *Martinez v. State,* 437 S.W.2d 842 (Tex.Crim.App.1969) the Court held that a criminal suspect cannot be subjected to a pretrial identification in the absence of counsel without violating the Sixth Amendment. "If he is, the prosecution may not

support or buttress a later in court identification of the witness by any reference to the previous identification." *Id.* at 846. But, the United States Supreme Court in *Kirby v. Illinois,* 406 U.S. 682, 691, 92 S.Ct. 1877, 1883, 32 L.Ed.2d 411, 418–19 (1971) limited the right to counsel at pre-trial identification procedures to those situations that occur after the initiation of formal judicial criminal proceedings. Most recently, the Court of Criminal Appeals *Barnhill v. State,* 657 S.W.2d 131 (Tex. Crim.App.1983) reversed the conviction because the prosecution bolstered the complaining witness' in-court identification by eliciting from her, identification made at the earlier pre-trial line-up. But, the Court's ruling was based on their determination that (1) formal judicial criminal proceedings were instituted against appellant prior to the date of the pre-trial line-up identification; (2) appellant was not shown to have counsel at the pre-trial identification, and (3) appellant did not make an affirmative waiver of counsel. *Id.* at 132–33.

We do not disregard the authorities which hold that a photographic identification of an accused prior to trial can still taint an in-court identification independent of the right to counsel or the concomitant requirement of a waiver. In *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247, 1253 (1968) the Supreme Court prescribed the test in this regard, stating:

> ... convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure *was so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification.* (Emphasis ours.)

There is absolutely no evidence in this record that the photographic identification procedure which took place at the hospital was impermissibly suggestive. The pre-trial identification took place before formal judicial criminal proceedings were instituted. The photographic spread consisted of

six (6) black persons who fit the general description of the burglar. There is no showing that the police officer indicated to the witness which photograph to identify or who the burglar might be. Lastly, appellant did not file a timely motion to suppress the pre-trial identification. Therefore, any uncertainty or discrepancy in the pre-trial or in-court identification of appellant would go to the weight to be given the complainant's testimony and not its admissibility. *See Jackson v. State*, 657 S.W.2d 123, 128 (Tex.Crim.App.1983). Ground of error two is overruled.

Appellant next complains that the testimony of officer Ricardo Contreras, with reference to his identification of latent fingerprints, was improperly bolstered. Officer Contreras, a fingerprint expert, testified that appellant's fingerprints matched and were identical to the latent prints on State's exhibit 42 and 43. These were the prints taken from the scene of the burglary. Subsequently, Officer Morua also a fingerprint expert, testified that he made his own examination of the finger print before the court as State's exhibits 38, 39, 40, 41, 42, 43, 47 and 50. The witness compared exhibits 42 and 43 with exhibit 47 and identified them as the latent fingerprints of appellant.

"Bolstering" occurs when one item of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party. *See Lyon v. State*, 388 S.W.2d 950, 951 (Tex.Crim.App. 1965). The record reflects that officer Vasquez proceded officer Morua on the witness stand. Appellant, on cross-examination of officer Vasquez, suggested that an individual by the name of Robert Randle was the real burglar and not appellant. Consequently officer Morua was put on the stand to rebut appellant's assertions on cross-examination of the previous witness. *See Williams v. State*, 607 S.W.2d 577, 580 (Tex.Crim.App.1980). The officer was a qualified fingerprint expert, who made his own independent examination of the fingerprint evidence. He categorically stated that the fingerprints lifted from the scene

of the burglary did not match the prints of Robert Randle. We, therefore, conclude that officer Morua's testimony was not improperly used to add credence or weight to the unimpeached testimony of officer Contreras. Ground of error three is overruled.

Appellant in his last ground of error alleges that the prosecutor made an improper jury argument, outside the record. Specifically, the prosecutor told the jury: "Now, I'll tell you that burglars in this town are terrible. There's a lot of them ... you read in the newspapers everyday about them." The trial court overruled appellant's objection that the argument was outside the record. To constitute reversible error, the jury argument must be (1) manifestly improper, harmful and prejudicial, or (2) violative of a statute, or (3) inject new and harmful facts into the case. *Thomas v. State*, 621 S.W.2d 158, 164 (Tex.Crim.App.1981). In order for error arising from improper jury argument to be found reversible, it must be shown in light of the record as a whole that the language complained of is manifestly improper, harmful and prejudicial. *Goocher v. State*, 633 S.W.2d 860, 864 (Tex.Crim. App.1982). Viewing the record as a whole we find overwhelming evidence of appellant's guilt and do not consider the remark as manifestly improper, harmful and prejudicial. Ground of error four is overruled.

The judgment is affirmed.