Martin Vasquez **GUERRERO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–91–00178–CR.

Court of Appeals of Texas,
El Paso.

Oct. 7, 1992.

Francisco F. Macias, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from a conviction for the offense of burglary of a habitation, enhanced. Appellant was found guilty by a jury and subsequently sentenced by the trial court to a term of imprisonment of 50 years in the Institutional Division of the Texas Department of Criminal Justice. In a single point of error, Appellant attacks the judgment of conviction. We affirm.

## I. SUMMARY OF EVIDENCE

On May 6, 1990, a report was received by the El Paso Police Department of a burglary of a habitation. In addition to calling the complaining witnesses in the instant case, the State called Billie Jean Slate, who testified that on May 6, 1990, while driving down a residential street in El Paso, she observed the Appellant coming out of a residence carrying a blanket over his shoulder. She testified that she saw Appellant jump over a fence. Slate testified that after she asked the driver of the vehicle in which she was riding to stop, she asked Appellant whether he was moving out of the residence. Slate further testified that she had the opportunity to observe and talk to Appellant for approximately one or two minutes, after which time she went to call the police to report a burglary. At trial, the witness positively identified Appellant as the individual she saw leaving the residence carrying a blanket full of household items over his shoulder.[1]

The State called Gustavo Loy as a witness who testified that on May 6, 1990, he likewise saw Appellant in the immediate vicinity of the burglarized residence, carrying what appeared to be stereo equipment inside a blanket. Further, Loy positively identified Appellant as the individual carrying the blanket full of items.

---

1. The record further reveals that the witness, Billie Jean Slate, was asked the following question by Appellant's counsel:
   "Q. Now, what did my client do after he came out of the door with this bundle?"

To which the witness responded as follows:
"A. Either he, I think—no. He jumped over the fence."

Appellant called Aida Moreno, his sister, as an alibi witness. Moreno testified that on the day and time of the burglary, Appellant was at her house doing yard work.

## II. DISCUSSION

■ Appellant filed a pretrial motion seeking to have the trial court allow him to sit in the audience among other persons of the same general appearance, instead of being seated at counsel table, at the time the prosecution called its two identification witnesses. On review, Appellant does not assert that the positive, in-court identification of Appellant by the two State eyewitnesses was inadmissible because it was tainted by unlawful pretrial identification. *See United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) [both cases condemning the practice of exhibiting an accused to witnesses prior to trial for identification purposes without notice to and in the absence of counsel, absent an intelligent waiver by the accused]. Rather, Appellant, contends that the in-court identification procedure used in the instant case was "unnecessarily suggestive and conducive to irreparable mistaken identification." We disagree.

■ If a pretrial identification procedure is utilized and is shown at a pretrial hearing to be impermissible and improper, any subsequent in-court identification is not admissible unless the prosecution shows by clear and convincing evidence that the in-court identification is not tainted by the improper pretrial procedure and is of independent origin. *Mullen v. State,* 722 S.W.2d 808, 812 (Tex.App.—Houston [14th Dist.] 1987, no writ), citing *Gilbert,* 388 U.S. 263, 87 S.Ct. 1951. In the instant case, Appellant concedes that the in-court identification of Appellant by the two State eyewitnesses was not inadmissible because

of any improper pretrial identification procedure.[2] Hence, the central question is whether the trial court abused its discretion by requiring Appellant to sit at the counsel table during the trial and not be first viewed by identification witnesses among individuals of like appearance.

■ The trial court has a unique opportunity to evaluate the witnesses. The initial determination of the reliability of the in-court identification procedure is within the trial court's discretion and will not be reversed upon appeal absent a clear abuse of that discretion. *Spencer v. State,* 466 S.W.2d 749, 752–53 (Tex.Crim.App.1971); *Martinez v. State,* 437 S.W.2d 842, 848–49 (Tex.Crim.App.1969); *Mullen,* 722 S.W.2d at 808, 812; *Durrough v. State,* 672 S.W.2d 860, 870 (Tex.App.—Corpus Christi 1984), *rev'd on other grounds,* 693 S.W.2d 404 (1985).

The record in the instant case establishes that Appellant was seen by two eyewitnesses in the immediate vicinity of a burglarized residence with electronic equipment inside a blanket. One eyewitness actually saw Appellant leaving the residence. Both eyewitnesses had occasion to observe and converse with Appellant at the scene. At trial, both eyewitnesses positively identified Appellant as the individual earlier encountered.

We have carefully reviewed the record and find no evidence that would suggest that the in-court identification of Appellant was premised upon an impermissibly suggestive pretrial identification, rather than the witnesses' independent recollection of the Appellant scampering down a residential street with electronic equipment suspiciously tucked away in a blanket.

The Court of Criminal Appeals has clearly and succinctly noted the absence of any law which prohibits a court from requiring that a defendant sit at the counsel table with his attorney during the trial. Also

2. We note that in the instant case, Appellant elected not to file a motion to suppress any in-

court identification.

noted by the Court was the absence of any law which prohibited state's counsel from pointing to a defendant in the courtroom and referring to his physical appearance in the presence of witnesses. *Moore v. State,* 424 S.W.2d 443 (Tex.Crim.App.1968); *Ward v. State,* 474 S.W.2d 471 (Tex.Crim.App. 1972); *see Sertuche v. State,* 453 S.W.2d 841 (Tex.Crim.App.1970). While Appellant, in his brief, is correct in stating that anyone who has ever watched television knows the person who is to be identified is seated conspicuously in relative isolation at the counsel table, we cannot endorse a procedure which would tend to convert an already complex criminal justice system into a game of "hide the defendant" or "Where's Waldo?"

We hold that the trial court did not abuse its discretion in denying Appellant's motion to permit him to sit in the audience pending his in-court identification. Further, we hold that absent an allegation of a tainted pretrial identification procedure, requiring a defendant to sit at counsel table pending his in-court identification is not so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Appellant's sole point of error is overruled. Accordingly, the judgment of the trial court is affirmed.