Mark Dwayne MAXWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 03-99-00131-CR.

Court of Appeals of Texas, Austin.

Jan. 21, 2000.

S. Bruce Poling, Austin, for Appellant.

Lisa Dotin Stewart, Asst. Dist. Atty., Austin, for Appellee.

Before Chief Justice ABOUSSIE, Justices B.A. SMITH and YEAKEL.

LEE YEAKEL, Justice.

Appellant Mark Dwayne Maxwell was charged with possession of a controlled substance, cocaine. *See* Tex. Health & Safety Code Ann. § 148.115(c) (West Supp. 2000). Appellant entered a plea of guilty pursuant to a plea-bargain agreement and was assessed eight years' confinement. By two points of error, appellant complains that the district court erred (1) in refusing to order a pretrial photographic lineup to determine if the State's witnesses could identify appellant and (2) in refusing to

order appellant separated from his attorney for the purpose of an in-court identification at trial. We will affirm the district court's judgment.

## FACTUAL BACKGROUND

Austin police stopped appellant's vehicle for a traffic violation. Appellant exited his vehicle, threw a marihuana "blunt" at the officer, and started running. The officer gave chase but lost appellant. At about the same time, a call came in from a citizen, Charles Brown, stating that a person matching appellant's description had just jumped Brown's fence and thrown down "something small." The police went to Brown's house and obtained a statement from him; they also recovered cocaine from Brown's yard. The police searched the area and found appellant hiding in a storage shed in Brown's backyard. Appellant again attempted to avoid capture, but the police apprehended him.

Appellant filed several pretrial motions, two of which are the subject of this appeal. In a pleading entitled "Motion to Suppress Illegal Identification/Motion for Photographic Lineup of all Witnesses," appellant asked the district court to order the Austin Police Department to conduct a photographic lineup before trial. In a separate motion entitled, "Motion to Have Defendant Separated/Motion to Have Defendant Secreted from Witnesses at Trial," appellant requested the district court to allow appellant "to sit in the audience instead of at counsel table when the witness is asked if he can make an in-court identification." The district court denied both motions. Appellant later pled guilty to possession of cocaine and was sentenced to eight years' confinement. Appellant appeals the district court's denial of these two motions, arguing that he is entitled either to a pretrial photographic lineup or to sit in the audience during the in-court identification.

## DISCUSSION

■ Appellant argues that an in-court identification of a defendant who is sitting at counsel table, without the benefit of a previous lineup, violates due process. Relying on *Loserth v. State,*[1] appellant argues that the above-described in-court identification process is unfair based on the *Biggers* criteria.[2] Appellant argues that either remedy he sought (a pretrial photographic lineup or permission to sit in the audience) would cure this alleged unfairness. We find no merit in appellant's arguments.[3]

### *Motion for a Photographic Lineup*

■ By his first point of error, appellant contends that the district court erred in refusing to order a pretrial photographic lineup. Appellant requested that the district court

1. 963 S.W.2d 770, 772 (Tex.Crim.App.1998) (adopting criteria set forth in *Neil v. Biggers,* 409 U.S. 188, 199, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), to assess reliability of pretrial identification procedure).

2. *See Biggers,* 409 U.S. at 199, 93 S.Ct. 375 (five factors should be weighed against corrupting effect of suggestive identification procedure: (1) witness's opportunity to view criminal at time of crime, (2) witness's degree of attention, (3) accuracy of witness's prior description, (4) witness's level of certainty, and (5) length of time between crime and confrontation).

3. We also disagree with the State's theory of this case. The State argues that appellant's motions are, in effect, motions to suppress and thus should be analyzed under *Gonzales*

*v. State,* 966 S.W.2d 521 (Tex.Crim.App.1998). The State contends that, under *Gonzales,* the merits of the motions should not be addressed because the "fruit" that was not suppressed (the in-court identification) was not used by the State against appellant. However, the motions before us are not "motions to suppress" because they do not seek to suppress evidence; rather, one requests that the State be compelled to take some action (hold a pretrial photographic lineup), while the other urges the district court to allow the defendant to sit in the audience. *See generally* 40 George E. Dix & Robert O. Dawson, *Criminal Practice and Procedure* § 4.112 (Texas Practice 1995) (motions to suppress request that district court address admissibility of certain evidence).

order the Austin Police Department to gather two sets of booking photos of African–Americans, 20 to 24 years of age, with narrow faces, including the booking photo of [appellant] in one of the two sets of booking photos, to be show [sic] to all the police witnesses in this case and the one civilian witness in this case, Mr. Charles Brown, to see if any of the witnesses can identify [appellant]. Only in this way can the court assure that the identification of [appellant] in this case is not tainted or illegally influenced, since the photographic identification will take place at the pretrial hearing in the presence of the court and counsel for the state and [appellant].

The police conducted no pretrial identification of appellant; no in-court identification was made; and no evidence was presented at the hearing on appellant's motion. The district court's ruling was based solely on the legal argument of the parties, not on an evaluation of credibility and demeanor. Thus, we will review the district court's denial of appellant's motion *de novo*. *See Loserth v. State*, 963 S.W.2d 770, 772 (Tex. Crim.App.1998) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997)) (appellate courts may review *de novo* mixed questions of fact and law that do not turn on evaluation of credibility and demeanor).

■ We could locate no authority, nor was any cited to us, for the proposition that a defendant has the *right* to a pretrial lineup. In fact, the law appears otherwise. *See Sapp v. State*, 476 S.W.2d 321, 323 (Tex.Crim.App.1972). Sapp requested that "a lineup be conducted to determine if the complaining witness could actually identify him before trial at which time he would be seated at the counsel table with his attorney." *Id.* The court of criminal appeals, citing *Johnson v. State*, 462

S.W.2d 955 (Tex.Crim.App.1971), upheld the district court's denial of the motion. *See Sapp*, 476 S.W.2d at 323. In *Johnson*, the court of criminal appeals held that *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), does not compel a right to an *in-court* lineup.[4] *See Johnson*, 462 S.W.2d at 956. A defendant simply does not have the right to a lineup, whether conducted before or during trial.

*Loserth* and *Biggers* do not lead to the result urged by appellant. In *Loserth*, the question presented was whether an in-court identification of the defendant was tainted by an "impermissibly suggestive pretrial photographic identification." *See Loserth*, 963 S.W.2d at 771. *Biggers* involved a questionable "station-house identification" of the defendant. *See Biggers*, 409 U.S. at 189, 93 S.Ct. 375. We will not make the leap requested by appellant and presume that *if* a State's witness *had* identified him in court, the in-court identification *would be* tainted by lack of a pretrial identification. We overrule appellant's first point of error.

### Motion to Have Defendant Sit in Audience

■ Appellant next complains that the district court erred in denying his motion for permission to sit in the audience during any in-court identification of him. A motion requesting that a defendant not be required to sit at counsel table during an in-court identification but that he be allowed to sit in the audience is "wholly without merit." *Moore v. State*, 424 S.W.2d 443, 444–45 (Tex.Crim.App.1968). "We know of no law which prohibits a court from requiring that a defendant sit at the counsel table with his attorney during the trial." *Id.* at 445; *see also Ward v.*

4. *Wade* holds that a lineup is a critical stage of the prosecution at which an accused is entitled to representation. *See* 388 U.S. at 235–38, 87 S.Ct. 1926. If an accused's constitutional right to counsel is violated at the pretrial lineup, the prosecution must show that any subsequent in-court lineup has an origin independent of the tainted pretrial lineup. *See id.* at 240–43, 87 S.Ct. 1926. Thus, *Wade* applies only to instances where there has been a pretrial lineup.

*State,* 474 S.W.2d 471, 475 (Tex.Crim.App. 1971) (adhering to *Moore* ); *Guerrero v. State,* 838 S.W.2d 929, 931–32 (Tex.App.— El Paso 1992, no writ) (refusing to turn criminal justice system into game of "hide the defendant" or "Where's Waldo?" by requiring that defendant be seated in audience). Appellant's request can be equated with a request for an "in-court lineup" or "multi-person confrontation during trial," practices that the courts of this State have repeatedly condemned. *See Wrenn v. State,* 478 S.W.2d 98, 100 (Tex.Crim.App. 1972) (district court is "not required to hold an in-court lineup or to force the state to furnish multi-person confrontation during the trial"); *Johnson,* 462 S.W.2d at 956 (upheld denial of motion for "multi-person show up at the time of any in-court identification," noting such request to be "an ingenious contention"); *Mullen v. State,* 722 S.W.2d 808, 812 (Tex.App.—Houston [14th Dist.] 1987, no writ) (district court did not err in denying motion for in-court lineup); *Baskin v. State,* 672 S.W.2d 312, 314 (Tex.App.—San Antonio 1984, no writ) (district court not required to hold in-court lineup). Appellant's second point of error is overruled.

## CONCLUSION

Having overruled appellant's points of error, we affirm the district court's judgment.