Affirmed and Memorandum Opinion filed February 12, 2004









Affirmed and Memorandum
Opinion filed February 12, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00216-CR

____________

 

BLAKE WORTHINGTON YOUNG, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 338th District Court

Harris
County, Texas

Trial Court Cause No. 915,917



 



 

M E M O R
A N D U M   O P I N I O N

Appellant
Blake Worthington Young challenges his aggravated robbery conviction,
contending the trial court erred by admitting into evidence his videotaped
statement to police, which he alleges was obtained after a violation of his
Sixth Amendment right to counsel.  We
affirm.

I.  Background

The
State filed a felony complaint with supporting affidavit alleging appellant
committed the offense of aggravated robbery.[1]  See Tex.
Pen. Code Ann. '' 29.02, 29.03 (Vernon 2003). 
Appellant was arrested without incident the following day and taken to
the police station.  Before making any
statements to police, appellant was placed in an identification lineup.  After the lineup, appellant gave the police
two statements, the latter of which was videotaped.  Before trial, the court conducted a hearing
outside the presence of the jury to determine whether the videotaped statement
was admissible pursuant to article 38.22 of the Texas Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 38.22, ' 6 (Vernon Pamph.
2004).  Officer Paul Reese of the Houston
Police Department testified that he read appellant his rights from the Ablue card@[2] prior to each of the statements,[3]
and appellant waived his rights. 
Appellant testified that, although he waived his constitutional rights
before giving the videotaped statement, the officer told him giving the
statement would help his case because witnesses already had identified him in
the lineup. 








After
the hearing, the trial court ruled that the statement was admissible and issued
findings of fact and conclusions of law, stating that before and during the
making of the videotaped statement, appellant Aknowingly, intelligently, and
voluntarily waive[d] the rights set forth in Article 38.22 of the Texas Code of
Criminal Procedure.@  Appellant then
changed his plea from not guilty to guilty, and the jury assessed punishment at
six years= confinement in the Texas Department
of Criminal Justice, Institutional Division, and a fine of $6,000.

II.  Issue Presented

In a
single issue, appellant argues the trial court erroneously admitted his
videotaped statement because appellant was denied his right to counsel under
the Sixth Amendment to the United States Constitution.  Specifically, appellant contends he should
have received counsel prior to being placed in the pretrial identification
lineup.  He reasons that the subsequent
videotaped statement to police was derived directly from this alleged violation
of his Sixth Amendment rights and should have been excluded. 

III.  Standard of Review

We
review a trial court=s evidentiary rulings for an abuse of discretion.  Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997).  Because the trial court=s decision was based on an evaluation
of the credibility of witnesses, we will reverse its decision only if it was so
clearly wrong as to lie outside the zone of reasonable disagreement.  See id.; Salazar v. State, 38
S.W.3d 141, 153B54 (Tex. Crim. App. 2001).   

IV.  Analysis

As a
threshold matter, we first address the State=s contention that appellant did not
preserve error because his complaint on appeal does not comport with his
complaint to the trial court during the pretrial hearing.  To preserve error for appellate review, an
appellant must make a complaint to the trial court by a timely request,
objection, or motion that states the ground for the ruling sought with
sufficient specificity to make the trial court aware of the complaint, unless
the specific grounds were apparent from the context.  Tex.
R. App. P. 33.1(a)(1)(A).     








The
record reflects that the trial court conducted a hearing outside of the jury=s presence to determine the voluntariness and admissibility of the videotaped
statement.  Under article 38.22 of the
Texas Code of Criminal Procedure, if a question is raised regarding the voluntariness of an accused=s statement, the court must make an
independent finding outside the jury=s presence to determine whether the
statement was made under voluntary conditions. 
See Tex. Code Crim. Proc. Ann. art. 38.22, ' 6.[4]  During this pretrial hearing, the trial court
heard testimony from Officer Robert Catlett, Officer Reese, and appellant.  Appellant acknowledged that Officer Reese
advised appellant of his constitutional rights, that he understood these
rights, and that he waived these rights. 
He argued, however, that Officer Reese told him witnesses already had
picked him out of a lineup and the best thing he could do to help his case was
confess.  Officer Reese denied making
this statement.  During closing
statements at the pretrial hearing, defense counsel contended the videotaped
statement (1) was not given freely and voluntarily because of the comment made
by Officer Reese to appellant that the statement could help his case; and (2)
was tainted because appellant testified that as he began to give the first oral
statement, Officer Reese stopped him and stated that he needed to read the Ablue card@ first.  At the punishment phase of trial, defense
counsel stated he had Ano objection@ when the State offered the videotaped statement into
evidence. 








On
appeal, appellant claims his Sixth Amendment right to counsel was violated
because he was not provided counsel before the pretrial identification
lineup.  He asserts that his videotaped
statement after the identification lineup was derived directly from this
violation.  The trial court was not
placed on notice that appellant was alleging a Sixth Amendment violation in
addition to the arguments articulated at the pretrial hearing.  See Ripkowski v.
State, 61 S.W.3d 378, 386 (Tex. Crim. App. 2001)
(finding no preservation of error when appellant failed to articulate to the
trial court his Sixth Amendment claim regarding failure to inform counsel of
existence and/or subject of interview).  Because
the argument raised on appeal does not comport with the arguments made to the
trial court, appellant has failed to preserve this issue for appellate
review.  See Tex. R. App. P. 33.1(a)(1)(A); Ripkowski, 61 S.W.3d at 386.

Even if
appellant had preserved error, his argument lacks merit.  In support of his contention, appellant cites
a San Antonio Court of Appeals case for the proposition that failure to provide
counsel at a pretrial identification and failure to exclude evidence derived
directly from the violation is subject to a harm analysis for constitutional
error.  See Devis
v. State, 18 S.W.3d 777, 784 (Tex. App.CSan Antonio 2000, no pet.).  However, appellant does not contend in this
appeal that the prosecution supported or buttressed a later in-court
identification by any reference to the pretrial identification or that an
in-court identification was the fruit of an earlier identification, which is
what led the court to conduct a harm analysis in Devis.  See id. at 783B84. 
Instead, appellant claims the videotaped statement made after the
pretrial identification lineup is somehow tainted by an alleged violation of
his Sixth Amendment right to counsel at the pretrial lineup. 








The
Sixth Amendment to the United States Constitution, made applicable to the
states through the Fourteenth Amendment, guarantees the right to assistance of
counsel at or after the time that adversary judicial proceedings (including
formal charge, preliminary hearing, indictment, information, or arraignment)
have been initiated against a person.  Texas
v. Cobb, 532 U.S. 162, 167B68 (2001); United States v. Gouveia,
467 U.S. 180, 187B88 (1984).  The right
extends to all Acritical stages@ of the criminal proceeding, not just
the actual trial.  Hidalgo v. State,
983 S.W.2d 746, 752 (Tex. Crim. App. 1999).  The point at which adversary judicial
proceedings begin is a matter of state law. 
Id.  But it is not entirely
clear under Texas law whether the filing of a felony complaint is
sufficient.  See Green v. State,
872 S.W.2d 717, 720 (Tex. Crim. App. 1994) (declining
to hold that filing of felony complaint triggered Sixth Amendment protections
but indicating such a result was Aat least consistent with, if not
dictated by@ U.S. Supreme Court precedent); see
also Barnhill v. State, 657 S.W.2d 131, 132 (Tex. Crim.
App. 1983) (finding by two-judge panel that Sixth Amendment right to counsel
attached upon filing of felony complaint with magistrate).  Even if adversary judicial proceedings had
begun with the filing of the felony complaint and, therefore, appellant=s Sixth Amendment right had attached,
he waived this right before giving the videotaped statement that is the subject
of this appeal.  

If an
accused is interrogated after the right to counsel has attached, and a
statement obtained, the police may not use that statement against the accused
unless counsel was present or the accused waived the right to counsel when the
statement was obtained.  See Brewer v.
Williams, 430 U.S. 387, 399B404 (1977).  The burden
is on the State to prove such a waiver was made voluntarily, knowingly, and
intelligently.  Patterson v. Illinois,
487 U.S. 285, 292B93 (1988).  Waiver is
shown as a matter of law with regard to pretrial questioning if the accused (1)
who has not yet retained or been appointed counsel; (2) decides voluntarily not
to rely on his right to counsel; and (3) that decision is made with the
understanding that he could remain silent and request a lawyer and that the
State could use any statement he gave against him.  Patterson, 487 U.S. at 297; Robinson
v. State, 851 S.W.2d 216, 224 (Tex. Crim. App.
1991).








Here, the record indicates that
appellant did not request appointed counsel until the probable cause hearing on
June 25, 2002, the day after the videotaped statement was made. Nor does
appellant contend he requested counsel before that time.  The Ablue card@ Officer Reese read before appellant=s videotaped statement provided that
(1) appellant had the right to remain silent; (2) any statement he made could
be used against him at trial; (3) appellant had the right to have an attorney
present prior to and during questioning; (4) an attorney could be appointed to
advise appellant prior to and during questioning; and (5) appellant had the
right to terminate the interview at any time. 
Appellant admitted at the pretrial hearing that Officer Reese read these
admonitions to him from the Ablue card,@ that appellant understood his rights, and that he waived
those rights before making the videotaped statement.  The warnings sufficiently informed appellant
of his Sixth Amendment right to counsel before he made the statement in
question.  See Patterson, 487 U.S.
at 296 (stating Aan accused who is admonished with the warnings prescribed by
this Court in Miranda[5]
. . . has been sufficiently apprised of the nature of his Sixth Amendment
rights, and of the consequences of abandoning those rights, so that his waiver
on this basis will be considered a knowing and intelligent one@). 
Therefore, the trial court did not err when it found in its conclusions
of law that appellant Aknowingly, intelligently, and voluntarily waive[d] the rights
set forth in Article 38.22 of the Texas Code of Criminal Procedure . . .@ before giving the videotaped
statement.  As a result, this court
cannot say the trial court=s decision to admit the statement was so clearly wrong as to
lie outside the zone of reasonable disagreement.

Accordingly, we overrule appellant=s sole issue and affirm the trial
court=s judgment.

 

 

/s/         Kem
Thompson Frost

Justice

 

Judgment rendered and Memorandum
Opinion filed February 12, 2004.

Panel consists of Justices Edelman,
Frost, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  The record indicates the grand jury
indicted appellant on the same charge one month later. 





[2]  A copy of the Ablue card@ is
included in the record on appeal.  It
states:

 

1.             You
have the right to remain silent and not make any statement at all and that any
statement you make may be used against you and probably will be used against
you at your trial;

2.             Any
statement you make may be used as evidence against you in court;

3.             You
have the right to have a lawyer present to advise you prior to and during any
questioning;

4.             If
you are unable to employ a lawyer, you have the right to have a lawyer
appointed to advise you prior to and during any questioning;

5.             You
have the right to terminate this interview at any time.





[3]  Although the contents of the videotape
are not in the record before this court, Officer Reese=s testimony indicates that he can be
heard reading appellant his rights on the videotape and appellant does not
contend that this did not happen. 





[4]  Although the
State characterizes this hearing as one in response to a motion to suppress,
the record in this case does not contain a motion to suppress, nor is there an
indication that appellant filed one. 
Before voir dire, defense counsel indicated
there were no pretrial motions in response to the trial court=s inquiry on the subject.





[5]  Article 38.22
encompasses the Miranda warnings, and includes an additional right to
terminate the interview at any time.  See
Penry v. State, 903 S.W.2d 715, 747 n.29 (Tex. Crim. App. 1995).