NO. 07-01-0408-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 26, 2002


______________________________



ANTHONY RAY GREEN
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 351ST DISTRICT COURT OF HARRIS COUNTY;



NO. 874,096; HON. MARK KENT ELLIS, PRESIDING


_______________________________



Before BOYD, C.J., QUINN and REAVIS, J.J.

 Anthony Ray Green (appellant) appeals his conviction for burglary of a habitation
with intent to commit aggravated assault. His sole point of error involves the trial court's
refusal to exclude a photograph of Raymond Green, appellant's uncle and one of the
victims of the assault. The photograph depicts Raymond's nude upper torso, i.e. stomach,
chest, arms and head, as it appeared after he died of complications from the assault. Also
depicted are a sutured embalmer's incision measuring approximately four inches on the
neck of the decedent and a hole in his abdomen (measuring one-half inch) through which
the decedent was fed before dying. According to appellant, the picture was inadmissible
because its prejudicial effect substantially outweighed its probative value. We overrule the
point and affirm.

Background

 According to evidence of record, appellant discovered his wife, Judy Green (Judy),
at Raymond's house late one night. Appellant was armed with a metal object akin to a tire
iron at the time and gained entry into the abode. He then proceeded to a bedroom, found 
Raymond asleep, awakened him, and then proceeded to beat his uncle for several minutes
with the object. Judy attempted to intervene. When she did, Raymond attacked her as
well. 

 Various blows struck Raymond in the head, resulting in his suffering from
hemorrhage and stroke. Raymond ultimately regressed into a vegetative state and died
after the passage of approximately five months.

 The State subsequently indicted appellant for burglary of a habitation with the intent
to commit aggravated assault. At trial, the picture of Raymond described in the opening
paragraph of this opinion was offered and received into evidence, over appellant's
objection.

Sole Issue

 Appellant contends the court reversibly erred in overruling his objection that the
picture was inadmissible since its prejudicial effect substantially outweighed its probative
value. We disagree.


 Standard of Review

 Whether the trial court erred in admitting evidence depends upon whether it abused
its discretion. Rojas v. State, 986 S.W.2d 241, 249 (Tex. Crim. App. 1998). The latter is
abused when the trial court's decision falls outside the zone of reasonable disagreement. 
Contreras v. State, 73 S.W.3d 314, 321 (Tex. App.--Amarillo 2001, pet. ref'd).

 Next, Texas Rule of Evidence 403 states that "[a]lthough relevant, evidence may be
excluded if its probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury, or by considerations of undue delay, or
needless presentation of cumulative evidence." This rule encompasses all categories of
evidence, including photographs. And, when a photo is involved, the Court of Criminal
Appeals has conditioned its admissibility upon determination that it has some probative
value which is not substantially outweighed by its inflammatory nature. Rojas v. State, 986
S.W.2d at 249. Simply put, it cannot be so horrific or appalling that it would likely cause
a juror of normal sensitivity to have difficulty rationally deciding the critical issues of the
case after viewing it. Narvaiz v. State, 840 S.W.2d 415, 429 (Tex. Crim. App. 1992);
Woods v. State, 14 S.W.3d 445, 452 (Tex. App.--Fort Worth 2000, no pet.). Furthermore,
various indicia are helpful in making this determination. They include such things as the
number of pictures being offered, their gruesomeness, their detail, their size, whether they
are black and white or in color, whether they are close-up shots, whether the body is naked
or clothed, the availability of other means of proof, and other circumstances unique to the
individual case. Rojas v. State, 986 S.W.2d at 249; Long v. State, 823 S.W.2d 259, 272
(Tex. Crim. App. 1991). We now consider these indicia in determining whether the trial
court erred at bar.

 Application of Standard

 As previously mentioned, the one photo involved depicts Raymond's nude upper
torso, i.e. stomach, chest, arms and head, as it appeared after partial embalmment but
before autopsy. It is rather small (no bigger than three by five inches) and appears in the
record to be black and white; as such one could reasonable say that it does not present
the object captured in great detail. Indeed, aside from the appearance of the sutured
incision on the neck and the half inch hole in the abdomen, the visage is otherwise an
unremarkable picture of the upper torso of an elderly dead man. There is no blood,
dismemberment, disfigurement, mutilation, bruising, scars or like physical characteristic
apparent other than the incision and hole. Nor is the photo a closeup of the body or any
wound or physical characteristic appearing on same. And, as for the hole and incision,
care was taken to explain to the jury that neither were created at the hands of the appellant
but resulted from the embalming process and attempts to feed the decedent while alive. 
 Yet, that Raymond had to be fed through a tube inserted in his abdominal cavity
after the beating highlights the aggravated nature of appellant's entry into the home and
attack upon the decedent. See Fletcher v. State, 960 S.W.2d 694, 700-01 (Tex. App.--Tyler 1997, no pet.) (noting that the photo of the deceased was relevant because it
"illustrated, though graphically, one of the elements of the offense -- that the robbery was
'aggravated'"). Again, appellant was charged with burglary of a habitation with intent to
commit aggravated assault. To the extent that "aggravated assault" consists of an assault
causing "serious bodily injury to another," Tex. Penal Code Ann. §22.02(a)(1) (Vernon
1994), one cannot reasonably deny that suffering injury that requires one to eat through
a abdominal tube evinces serious bodily injury. Nor can one reasonably deny that a
beating which ultimately ends in the death of the recipient falls within that category as well;
indeed, appellant admits as much in his brief when conceding that the picture had
relevance or probative value. 

 In sum, no one disputes that the sole picture before us had probative value. 
Furthermore, the image captured therein is no more (but far less) graphic than the
thoracostomy incision involved in Contreras v. State, supra, or the visage of an elderly man
lying dead in a street with a gun shot wound to the face in Fletcher v. State, supra. And,
in each of those cases, the reviewing court found no error in the admission of the picture. 
See Dams v. State, 872 S.W.2d 325, 327 (Tex. App.-Beaumont 1994, no pet.) (holding
that it was not error to admit an autopsy photo depicting an incision). Thus, upon applying
the facts of this case to the indicia itemized in Rojas, we do not find that the photo at bar
was "so horrifying or appalling that a juror of normal sensitivity would necessarily encounter
difficulty rationally deciding the critical issues of the case after viewing it." Woods v. State,
14 S.W.3d at 452. Nor did the trial court's decision to overrule appellant's Rule 403
objection fall outside the zone of reasonable disagreement or constitute abused discretion. 
 Accordingly, the judgment affirmed.

 

 Brian Quinn 

 Justice

 

Do not publish. 



d to complete for
failing to maintain a cooperative attitude, failing to demonstrate progress in the treatment
program, and admitting to violating program rules regarding use of drugs and trading
sexual favors for money and drugs. The State also produced the testimony of Karen Leal,
appellant’s community supervision officer. Leal testified about appellant’s admission of
using methamphetamine during her community supervision, engaging in deviant sexual
activity, and failing to perform community service hours as required by the terms of her
community supervision order. 
          At the conclusion of the State’s evidence, appellant presented the testimony of her
mother, Shirley Cox. Cox essentially testified appellant’s violation of the trial court’s orders
were due to her lack of education and alleged mental disability of being bipolar. Appellant
testified and denied admitting any illicit drug use, however, she did admit to abusing
prescription drugs on several occasions while on community supervision. 
          The State recalled Leal to testify that appellant, although referred to MHMR on
several occasions, was not diagnosed with a bipolar condition. Further, Leal testified that
appellant had never offered any excuse for failure to complete the ordered community
service hours. 
          At the conclusion of the hearing, the trial court adjudicated appellant guilty of
indecency with a child and found the allegations that she had violated her community
supervision in the failure to register case to be true. From this judgment, appellant has
appealed alleging that the trial court committed reversible error when it admitted evidence
of the results of a polygraph test, that was administered while appellant was in the sex
offender’s treatment program. We affirm the judgments of the trial court.
Polygraph Evidence
          Appellant’s contention is that the trial court committed reversible error when it
allowed the State’s witness, Renshaw, to testify about the results of a polygraph test taken
by appellant as part of the sexual offender’s treatment program.


 The context in which the
challenged testimony was presented is as follows:
Q. Okay. And what was your first area of concern? What became your first
area of concern?
A. As interruptions– and there were a couple of interruptions that we were
able to get Joey back on track. At one point she was having difficulty with
drug abuse. She acknowledged that. We got her into an ACADA program. 
She completed that program, continued to group sessions. When we really
became concerned about Joey was a failed polygraph in May of 2008.
Trial Counsel: Judge, at this point the Defense objects to any testimony
about polygraph results. As the Court knows, polygraph results are just not
admissible.
The Court: Well, and I would not allow it for purpose of making any ultimate
determination, but I will allow it as an exception to hearsay just for the state
of mind of this witness as to why she took the steps that she did with regard
to her treatment. But I won’t consider it for the truth of the matter asserted.
Trial Counsel: Okay.
 
          The State contends that appellant failed to preserve the issue of the polygraph
evidence for review. See Tex. R. App. P. 33.1(a)(1). Appellant counters that she made a
timely objection and that, since there was no jury, there was no necessity for a motion for
mistrial and, therefore, all steps necessary to preserve the issue for appeal had been
accomplished. Assuming trial counsel’s statement of “Okay” was not acquiescence to the
trial court’s ruling,


 appellant’s contention is erroneous for another reason. This was not the
only time the issue of polygraph testing was raised. The record reflects that the State,
apparently based upon the trial court’s ruling, returned to the subject a number of times
during the direct examination of Renshaw. Trial counsel never again objected nor indicated
any dissatisfaction with the trial court’s previous ruling. Trial counsel could preserve the
alleged error in the admission of the polygraph testimony by either objecting each time a
question concerning the results of the polygraph test was asked or by obtaining a
continuous or running objection to that line of questioning. See Hudson v. State, 675
S.W.2d 507, 511 (Tex.Crim.App. 1984) (holding that defense counsel must object each time
allegedly inadmissible evidence is offered); Ethington v. State, 819 S.W.2d 854, 858-59
(Tex.Crim.App. 1991) (approving the use of a continuous or running objection to an entire
line of questions). In the case before us, appellant did not object each time nor obtain a
running objection, therefore, the issue has not been preserved for appeal. Tex. R. App. P.
33.1(a)(1). Accordingly, appellant’s sole issue is overruled.


 
Conclusion
          Having overruled appellant’s only issue, the judgments of the trial court are affirmed.
 
                                                                                      Mackey K. Hancock

                                                                                                Justice

 
 
 
 
Do not publish.