NO. 07-01-0408-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 26, 2002
_____

ANTHONY RAY GREEN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 351ST DISTRICT COURT OF HARRIS COUNTY;

NO. 874,096; HON. MARK KENT ELLIS, PRESIDING
_____

Before BOYD, C.J., QUINN and REAVIS, J.J.

Anthony Ray Green (appellant) appeals his conviction for burglary of a habitation with intent to commit aggravated assault. His sole point of error involves the trial court's refusal to exclude a photograph of Raymond Green, appellant's uncle and one of the victims of the assault. The photograph depicts Raymond's nude upper torso, *i.e.* stomach, chest, arms and head, as it appeared after he died of complications from the assault. Also depicted are a sutured embalmer's incision measuring approximately four inches on the neck of the decedent and a hole in his abdomen (measuring one-half inch) through which the decedent was fed before dying. According to appellant, the picture was inadmissible

because its prejudicial effect substantially outweighed its probative value. We overrule the point and affirm.

## *Background*

According to evidence of record, appellant discovered his wife, Judy Green (Judy), at Raymond's house late one night. Appellant was armed with a metal object akin to a tire iron at the time and gained entry into the abode. He then proceeded to a bedroom, found Raymond asleep, awakened him, and then proceeded to beat his uncle for several minutes with the object. Judy attempted to intervene. When she did, Raymond attacked her as well.

Various blows struck Raymond in the head, resulting in his suffering from hemorrhage and stroke. Raymond ultimately regressed into a vegetative state and died after the passage of approximately five months.

The State subsequently indicted appellant for burglary of a habitation with the intent to commit aggravated assault. At trial, the picture of Raymond described in the opening paragraph of this opinion was offered and received into evidence, over appellant's objection.

## *Sole Issue*

Appellant contends the court reversibly erred in overruling his objection that the picture was inadmissible since its prejudicial effect substantially outweighed its probative value. We disagree.

*Standard of Review*

Whether the trial court erred in admitting evidence depends upon whether it abused its discretion. *Rojas v. State*, 986 S.W.2d 241, 249 (Tex. Crim. App. 1998). The latter is abused when the trial court's decision falls outside the zone of reasonable disagreement. *Contreras v. State*, 73 S.W.3d 314, 321 (Tex. App.–-Amarillo 2001, pet. ref'd).

Next, Texas Rule of Evidence 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." This rule encompasses all categories of evidence, including photographs. And, when a photo is involved, the Court of Criminal Appeals has conditioned its admissibility upon determination that it has some probative value which is not substantially outweighed by its inflammatory nature. *Rojas v. State*, 986 S.W.2d at 249. Simply put, it cannot be so horrific or appalling that it would likely cause a juror of normal sensitivity to have difficulty rationally deciding the critical issues of the case after viewing it. *Narvaiz v. State*, 840 S.W.2d 415, 429 (Tex. Crim. App. 1992); *Woods v. State*, 14 S.W.3d 445, 452 (Tex. App.--Fort Worth 2000, no pet.). Furthermore, various indicia are helpful in making this determination. They include such things as the number of pictures being offered, their gruesomeness, their detail, their size, whether they are black and white or in color, whether they are close-up shots, whether the body is naked or clothed, the availability of other means of proof, and other circumstances unique to the individual case. *Rojas v. State*, 986 S.W.2d at 249; *Long v. State*, 823 S.W.2d 259, 272

3

(Tex. Crim. App. 1991). We now consider these indicia in determining whether the trial court erred at bar.

*Application of Standard*

As previously mentioned, the one photo involved depicts Raymond's nude upper torso, *i.e.* stomach, chest, arms and head, as it appeared after partial embalmment but before autopsy. It is rather small (no bigger than three by five inches) and appears in the record to be black and white; as such one could reasonable say that it does not present the object captured in great detail. Indeed, aside from the appearance of the sutured incision on the neck and the half inch hole in the abdomen, the visage is otherwise an unremarkable picture of the upper torso of an elderly dead man. There is no blood, dismemberment, disfigurement, mutilation, bruising, scars or like physical characteristic apparent other than the incision and hole. Nor is the photo a closeup of the body or any wound or physical characteristic appearing on same. And, as for the hole and incision, care was taken to explain to the jury that neither were created at the hands of the appellant but resulted from the embalming process and attempts to feed the decedent while alive.

Yet, that Raymond had to be fed through a tube inserted in his abdominal cavity after the beating highlights the aggravated nature of appellant's entry into the home and attack upon the decedent. *See Fletcher v. State*, 960 S.W.2d 694, 700-01 (Tex. App.-- Tyler 1997, no pet.) (noting that the photo of the deceased was relevant because it "illustrated, though graphically, one of the elements of the offense — that the robbery was 'aggravated'"). Again, appellant was charged with burglary of a habitation with intent to commit *aggravated* assault. To the extent that "aggravated assault" consists of an assault

4

causing "serious bodily injury to another," TEX. PENAL CODE ANN. §22.02(a)(1) (Vernon 1994), one cannot reasonably deny that suffering injury that requires one to eat through a abdominal tube evinces serious bodily injury. Nor can one reasonably deny that a beating which ultimately ends in the death of the recipient falls within that category as well; indeed, appellant admits as much in his brief when conceding that the picture had relevance or probative value.

In sum, no one disputes that the sole picture before us had probative value. Furthermore, the image captured therein is no more (but far less) graphic than the thoracostomy incision involved in *Contreras v. State*, *supra*, or the visage of an elderly man lying dead in a street with a gun shot wound to the face in *Fletcher v. State*, *supra*. And, in each of those cases, the reviewing court found no error in the admission of the picture. *See Dams v. State*, 872 S.W.2d 325, 327 (Tex. App.–Beaumont 1994, no pet.) (holding that it was not error to admit an autopsy photo depicting an incision). Thus, upon applying the facts of this case to the indicia itemized in *Rojas*, we do not find that the photo at bar was "so horrifying or appalling that a juror of normal sensitivity would necessarily encounter difficulty rationally deciding the critical issues of the case after viewing it." *Woods v. State*, 14 S.W.3d at 452. Nor did the trial court's decision to overrule appellant's Rule 403 objection fall outside the zone of reasonable disagreement or constitute abused discretion.

Accordingly, the judgment affirmed.

Brian Quinn
Justice

Do not publish.

5