NO. 07-07-0346-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 23, 2007


______________________________



CLIFTON WAYNE HARDEN, JR.,



 Appellant


v.



THE STATE OF TEXAS,



 Appellee

_________________________________



FROM THE 47th DISTRICT COURT OF POTTER COUNTY;



NO. 54,244-A; HON. HAL MINER, PRESIDING


_______________________________



Order of Dismissal


_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 Clifton Wayne Harden, Jr., appellant, attempts to appeal his conviction for
possession of a controlled substance, enhanced. The court imposed sentence on March
30, 2007. Appellant then filed a motion for new trial on April 27, 2007. His notice of
appeal was filed on August 8, 2007. We dismiss for want of jurisdiction.

 To be timely, a notice of appeal must be filed within 30 days after the sentence is
imposed or suspended in open court or within 90 days after that date if a motion for new
trial is filed. Tex. R. App. P. 26.2(a). A motion for new trial having been filed, appellant's
notice of appeal was due to be filed on or before June 28, 2007. Yet, it was not filed within
that period but some forty-one days thereafter. 

 A timely filed notice of appeal is essential to invoke our appellate jurisdiction. Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If it is untimely, we can take no
action other than to dismiss the proceeding. Id. at 523. Appellant's notice being untimely
filed, we have no jurisdiction over the matter and dismiss the appeal.

 Accordingly, appellant's appeal is dismissed. (1)


 Brian Quinn 

 Chief Justice 




Do not publish.
1. The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of
habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann. art. 11.07 (Vernon 2005).



is objection that the
picture was inadmissible since its prejudicial effect substantially outweighed its probative
value. We disagree.


 Standard of Review

 Whether the trial court erred in admitting evidence depends upon whether it abused
its discretion. Rojas v. State, 986 S.W.2d 241, 249 (Tex. Crim. App. 1998). The latter is
abused when the trial court's decision falls outside the zone of reasonable disagreement. 
Contreras v. State, 73 S.W.3d 314, 321 (Tex. App.--Amarillo 2001, pet. ref'd).

 Next, Texas Rule of Evidence 403 states that "[a]lthough relevant, evidence may be
excluded if its probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury, or by considerations of undue delay, or
needless presentation of cumulative evidence." This rule encompasses all categories of
evidence, including photographs. And, when a photo is involved, the Court of Criminal
Appeals has conditioned its admissibility upon determination that it has some probative
value which is not substantially outweighed by its inflammatory nature. Rojas v. State, 986
S.W.2d at 249. Simply put, it cannot be so horrific or appalling that it would likely cause
a juror of normal sensitivity to have difficulty rationally deciding the critical issues of the
case after viewing it. Narvaiz v. State, 840 S.W.2d 415, 429 (Tex. Crim. App. 1992);
Woods v. State, 14 S.W.3d 445, 452 (Tex. App.--Fort Worth 2000, no pet.). Furthermore,
various indicia are helpful in making this determination. They include such things as the
number of pictures being offered, their gruesomeness, their detail, their size, whether they
are black and white or in color, whether they are close-up shots, whether the body is naked
or clothed, the availability of other means of proof, and other circumstances unique to the
individual case. Rojas v. State, 986 S.W.2d at 249; Long v. State, 823 S.W.2d 259, 272
(Tex. Crim. App. 1991). We now consider these indicia in determining whether the trial
court erred at bar.

 Application of Standard

 As previously mentioned, the one photo involved depicts Raymond's nude upper
torso, i.e. stomach, chest, arms and head, as it appeared after partial embalmment but
before autopsy. It is rather small (no bigger than three by five inches) and appears in the
record to be black and white; as such one could reasonable say that it does not present
the object captured in great detail. Indeed, aside from the appearance of the sutured
incision on the neck and the half inch hole in the abdomen, the visage is otherwise an
unremarkable picture of the upper torso of an elderly dead man. There is no blood,
dismemberment, disfigurement, mutilation, bruising, scars or like physical characteristic
apparent other than the incision and hole. Nor is the photo a closeup of the body or any
wound or physical characteristic appearing on same. And, as for the hole and incision,
care was taken to explain to the jury that neither were created at the hands of the appellant
but resulted from the embalming process and attempts to feed the decedent while alive. 
 Yet, that Raymond had to be fed through a tube inserted in his abdominal cavity
after the beating highlights the aggravated nature of appellant's entry into the home and
attack upon the decedent. See Fletcher v. State, 960 S.W.2d 694, 700-01 (Tex. App.--Tyler 1997, no pet.) (noting that the photo of the deceased was relevant because it
"illustrated, though graphically, one of the elements of the offense -- that the robbery was
'aggravated'"). Again, appellant was charged with burglary of a habitation with intent to
commit aggravated assault. To the extent that "aggravated assault" consists of an assault
causing "serious bodily injury to another," Tex. Penal Code Ann. §22.02(a)(1) (Vernon
1994), one cannot reasonably deny that suffering injury that requires one to eat through
a abdominal tube evinces serious bodily injury. Nor can one reasonably deny that a
beating which ultimately ends in the death of the recipient falls within that category as well;
indeed, appellant admits as much in his brief when conceding that the picture had
relevance or probative value. 

 In sum, no one disputes that the sole picture before us had probative value. 
Furthermore, the image captured therein is no more (but far less) graphic than the
thoracostomy incision involved in Contreras v. State, supra, or the visage of an elderly man
lying dead in a street with a gun shot wound to the face in Fletcher v. State, supra. And,
in each of those cases, the reviewing court found no error in the admission of the picture. 
See Dams v. State, 872 S.W.2d 325, 327 (Tex. App.-Beaumont 1994, no pet.) (holding
that it was not error to admit an autopsy photo depicting an incision). Thus, upon applying
the facts of this case to the indicia itemized in Rojas, we do not find that the photo at bar
was "so horrifying or appalling that a juror of normal sensitivity would necessarily encounter
difficulty rationally deciding the critical issues of the case after viewing it." Woods v. State,
14 S.W.3d at 452. Nor did the trial court's decision to overrule appellant's Rule 403
objection fall outside the zone of reasonable disagreement or constitute abused discretion. 
 Accordingly, the judgment affirmed.

 

 Brian Quinn 

 Justice

 

Do not publish.