IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0239-08






BELINDA MONTOYA, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE 13TH COURT OF APPEALS


NUECES COUNTY





 Meyers, J., delivered the opinion for a unanimous Court.


O P I N I O N 



 Appellant, Belinda Montoya, pled guilty to possession of cocaine and was
sentenced to fourteen months in a state jail facility. She appealed, claiming that the trial
court erred in failing to sua sponte raise the issue of her competence to stand trial. The
court of appeals agreed and abated the trial-court judgment. Montoya v. State, No. 13-06-462-CR (Tex. App.-Corpus Christi, November 1, 2007) (not designated for publication),
2007 Tex. App. LEXIS 8702. The State filed a petition for discretionary review asking us
how much evidence must come to the attention of the trial court before the court is
required to suggest that the defendant may be incompetent under Code of Criminal
Procedure Article 46B.004, (1) and whether the court of appeals gave proper deference to
the trial court's determination. We granted review to clarify the proper standard to be
used under the amended statute. We hold that the bona fide doubt standard is still proper. 
Although the court of appeals used the bona fide doubt standard, it failed to defer to the
trial court. We will reverse. 

FACTS

 Appellant was charged with possession of cocaine. Although she was not offered
a plea agreement, she pled guilty. At the plea hearing, the trial court asked Appellant if
she knew the range of punishment that was applicable and if she understood that she was
giving up valuable and important rights. She answered, "Yes," and also affirmed that she
was pleading guilty voluntarily. The trial judge further discussed with her the
consequences of pleading guilty without the benefit of a plea-bargain agreement, and she
again indicated that she understood that she was waiving her rights, and that the judge
could sentence her to probation or up to two years in the state jail. The trial judge
considered Appellant's pre-sentence investigation report, which indicated a prior forgery
offense and a history of drug and alcohol abuse. Applicant acknowledged that drugs were
bad for her, but testified that she used drugs because she was depressed about being told
by her doctors that she had only six months to live due to end-stage liver disease. (2) 
However, her probation officer reported to the trial court that Appellant tested positive for
drugs five days prior to receiving this poor prognosis, and the court noted that her doctors
had possibly changed her prognosis from ten years to six months due to her continued
drug use. (3) 

 Testimony indicated that Appellant took medications for her illnesses, and that
some of the side effects included depression, forgetfulness, drowsiness, and weakness.
Appellant's sister testified that she doesn't believe that Appellant has a drinking or drug
problem, and discussed Appellant's illness: 

 She gets real sick. She's really sick. She's-There's times that she, you
know, she doesn't know what she's doing, that she needs constant care, and
they're trying to get that for her. They're trying to get a provider for her
because she's not well and she looks well right now. The days that we see
her, she's not. She's like a little kid. We have to get her dressed. We have
to sit her down to try to take her medicine and then we have to constantly
care, need constant care for her. 


Appellant's sister said that the family could keep Appellant away from drugs and alcohol
and that Appellant was trying to get better so that she could spend time with her family. 

 The trial judge admonished Appellant for her continued drug use and determined
that time in the state jail was in her best interest. He sentenced her to fourteen months. 
Appellant appealed, arguing that the trial court erred in not sua sponte inquiring into her
competence to stand trial. The court of appeals agreed and issued a memorandum opinion
abating the trial court's judgment. 

 The State filed a petition for discretionary review, which we granted to consider
the following grounds for review:

 Question 1

 What quantum of evidence is necessary for a trial court to be required to
conduct an informal inquiry on competence under code of criminal
procedure 46B.004(c)?

 

 Question 2

 Did the Thirteenth Court of Appeals improperly confuse evidence of
impairment with evidence of incompetency, and fail to give proper
deference to the trial court's role in distinguishing between the two, when it
held that:

 testimony that a defendant experienced instances of
impairment on unspecified dates in the past and

 isolated instances of momentary hesitation or confusion
during a proceeding


 demonstrated that a defendant lacked a factual and rational understanding
of the proceedings, and required the trial court to sua sponte hold a
competency hearing, even where:


 there was no evidence that such impairment was actually
impacting the defendant on the date of the proceeding

 the defendant and her attorney both certified that she was competent, and

 the defendant's conduct demonstrated that she had a factual
and rational understanding of the proceedings?

 

 Question 3

 Did the ruling of the Thirteenth Court of Appeals, which abated the trial
court's judgment and remanded, provide proper guidance to the trial court
and the parties as to the legal status of the trial court's judgment after any
competency inquiry? COURT OF APPEALS The court of appeals noted that Code of Criminal Procedure Article 46B.004
requires the trial court to inquire into a defendant's competence if evidence suggests
incompetency, and that a trial judge must conduct an inquiry only if sufficient evidence
exists to create a bona fide doubt in the mind of the judge regarding whether the
defendant is legally competent. Considering whether such evidence came to the trial
court's attention, the court of appeals cited several passages from the record and
concluded that Appellant's answers to the judge's questions were not always responsive
and coherent. The court of appeals stated that the trial court made no suggestion that
Appellant may be incompetent and made no determination by informal inquiry whether
there was evidence to support a finding of incompetence. Montoya, 2007 Tex. App.
LEXIS 8702 at *5-6.

 After reviewing the record, the court of appeals determined that Appellant's
testimony included evidence suggesting that she may have been incompetent to stand
trial. 

 We conclude the evidence demonstrated recent, severe mental illness, or at
least moderate mental retardation, or truly bizarre acts by appellant. We
find particularly troublesome the evidence showing that appellant had
experienced instances when she was delusional, did not know where she
was at or what she was doing, and acted like a "little kid". The evidence
showed appellant did not have a rational as well as factual understanding of
the proceedings against her. See TEX. CODE CRIM. PROC. ANN. art.
46B.003(a)(2) (Vernon 2006). Accordingly, the evidence was sufficient to
prompt a competency inquiry because it met the threshold stated in
Salahud-Din and should have raised a bone fide [sic] doubt in the judge's
mind regarding appellant's competency to stand trial. See Salahud-Din [v.
State], 206 S.W.3d [203,] 208 [(Tex. App.-Corpus Christi 2006, pet.
ref'd)]. We hold that because evidence came to the trial court's attention
suggesting appellant may have been incompetent to stand trial, the court
abused its discretion by failing, sua sponte, to determine by informal inquiry
whether there was some evidence from any source that would support a
finding that appellant was incompetent to stand trial. 

 

Montoya, 2007 Tex. App. LEXIS 8702 at *11-12. The court of appeals abated the
judgment of the trial court and remanded the case for further proceedings. Id. at *12.

ANALYSIS

Question 1:

 In Alcott v. State, 51 S.W.3d 596 (Tex. Crim. App. 2001), we considered what
quantum of evidence was necessary to trigger the statutorily required competency hearing
under the former competency statute, Code of Criminal Procedure Article 46.02, Section
2(b). (4) We determined that a competency hearing is required if the evidence is sufficient
to raise a bona fide doubt in the mind of the judge whether the defendant is legally
competent. See also Moore v. State, 999 S.W.2d 385 (Tex. Crim. App. 1999). We again
considered this issue in McDaniel v. State and enumerated the steps required for a judge
to conduct a competency inquiry and competency hearing under the former statute. We
concluded that a judge must conduct a competency hearing only when the issue is raised
by either party or the court and evidence of incompetency is brought to the trial court's
attention. We specified that the evidence must be sufficient to raise a bona fide doubt in
the judge's mind about the defendant's competency to stand trial. 98 S.W.3d 704, 710-11
(Tex. Crim. App. 2003). Since the statute changed in 2004, (5) there has been disagreement
in the courts of appeals regarding whether the bona fide doubt standard has also changed. 
See Greene v. State, 225 S.W.3d 324, 328 (Tex. App. San Antonio, 2007) (rejecting the
bona fide doubt standard due to the new statute's use of the terms "suggest" and
"suggestion"); Rojas v. State, 228 S.W.3d 251, 255 (Tex. App.-Amarillo 2007)
(determining that appellant failed to raise a bona fide doubt in the mind of the trial court
regarding his rational and factual understanding of the proceedings against him or his
ability to meaningfully consult with his attorney); Lawrence v. State, 169 S.W.3d 319,
323 (Tex. App.-Fort Worth 2005, pet. ref'd) (declining to address the standard although
the appellant argued that article 46B.004(b)'s language creates a lower evidentiary
threshold); See also Pitonyak v. State, 253 S.W.3d 834 (Tex. App.-Austin 2008)
(following Lawrence and declining to decide the issue because, even under a broad
interpretation of article 46B.004(b), there was no evidence suggesting that appellant was
incompetent to stand trial).

 The changes to the statute specify that a trial judge's inquiry into a defendant's
competence may be informal, rather than the formal hearing required in the former
statute. This allows the trial judge to informally determine whether the behavior of the
defendant during a proceeding indicates a lack of rational understanding. 

 So, the question is: did the change in the statute change the standard? The answer
is no. Bona fide doubt is still the proper standard for determining whether a trial court
should conduct an inquiry. If a trial judge has a bona fide doubt about the competency of
the defendant, he or she shall conduct an informal inquiry to determine if there is
evidence that would support a finding of incompetence. A bona fide doubt may exist if
the defendant exhibits truly bizarre behavior or has a recent history of severe mental
illness or at least moderate mental retardation. 

 The court of appeals used the bona fide doubt standard, and the State agrees that it
is the proper standard. The quantum of evidence necessary for a trial court to be required
to conduct an informal inquiry on competence has not changed under Article 46B.004.

Question 2:

 This question involves two distinct issues. First, whether the court of appeals
confused evidence of impairment with evidence of incompetency, and second, whether
the court of appeals failed to give proper deference to the trial court.

 Article 46B.003 says that one is incompetent to stand trial if the person does not
have 1) sufficient present ability to consult with the person's lawyer with a reasonable
degree of rational understanding or 2) a rational as well as factual understanding of the
proceedings against the person. (6) We note that the statute specifies the defendant's
present ability. We have held that instances of depression are not an indication of
incompetency and that past mental-health issues raise the issue of incompetency only if
there is evidence of recent severe mental illness, at least moderate retardation, or bizarre
acts by the defendant. In Moore, we stated that: 

 Prior hospitalization and treatment for depression do not per se warrant the
trial court empaneling a separate jury to conduct a competency hearing. To
raise the issue of competency by means of the defendant's past mental
health history, there generally must be evidence of recent severe mental
illness or bizarre acts by the defendant or of moderate retardation. Lower
courts have held that a trial court is within its power to find a defendant
competent without a section 2[ (7)] hearing despite evidence of depression or
prior hospitalization when such evidence fails to indicate adequately either
severe mental illness or recent impairment. We agree. A defendant's
propensity toward depression does not necessarily correlate with his ability
to communicate with counsel or his ability to understand the proceedings
against him. 


999 S.W.2d at 395 (internal citations omitted). This reasoning applies equally to prior
issues with side effects of medication, including drowsiness, weakness, and forgetfulness. 
The considerations when evaluating competency to stand trial include the defendant's
level of understanding of the proceeding and ability to consult with counsel in preparation
for the proceeding. Thus, those who observed the behavior of the defendant at the
hearing were in a better position to determine whether she was presently competent. See
McDaniel, 98 S.W.3d at 713 (stating, "We cannot ignore the trial court's first-hand
factual assessment of appellant's mental competency. His factual findings, that appellant
understood the nature of the proceedings and assisted his counsel in his defense, are
entitled to great deference by the reviewing court.").

 For this reason, courts of appeals review these cases for an abuse of discretion. An
appellate court does not substitute its judgment for that of the trial court, but rather
determines whether the trial court's decision was arbitrary or unreasonable. 

 A review of the record indicates that the court of appeals took instances of the
defendant's confusion or misunderstanding of the judge's questions in isolation and out
of context as evidence of incompetence when the rest of the record shows that the issues
were immediately and easily clarified by the trial judge or defendant's attorney and that
the defendant indicated her understanding. The record also includes the defendant
discussing specific details of her medical history and substance abuse, including
acknowledging that the use of illegal drugs and alcohol are harmful and may exacerbate
her illnesses. She stated that she could have more than a six-month life expectation "if I
just take care of myself" and that she knew that doing drugs "eats my liver more and then
just gets worse." At the hearing, Appellant's sister even said Appellant "looks well now." 

 The record in this case shows no indication of recent severe mental illness,
moderate retardation, or truly bizarre acts, and there was no suggestion by Appellant's
attorney, the State, or the trial court, all of whom observed Appellant's behavior at the
hearing, that Appellant appeared unable to understand the proceedings. 

 The court of appeals failed to give deference to the trial court and erred in using
evidence of past impairment and isolated instances of momentary confusion during the
hearing to require the trial court to conduct an inquiry into the defendant's competence.

CONCLUSION

 The court of appeals was correct in using the bona fide doubt standard, but erred in
failing to give proper deference to the trial judge's determination based on his ability to
observe the behavior of the defendant. Because we reverse the court of appeals, we do
not need to consider the State's third ground for review. The judgment and sentence of
the trial court is affirmed. 

 Meyers, J.

Delivered: July 1, 2009

Publish
1. Unless otherwise specified, all references to Articles refer to the Code of Criminal
Procedure.
2. The record indicates that Appellant has cirrhosis and hepatitis C. 
3. In March, she was told that her life expectancy was up to ten years. One month later,
after testing positive for cocaine and amphetamines, doctors told her that she had only six months
to live.
4. The former statute, Code of Criminal Procedure Article 46.02 section 2, stated:


(a) The issue of the defendant's incompetency to stand trial shall be determined in advance of the
trial on the merits if the court determines there is evidence to support a finding of incompetency
to stand trial on its own motion or on written motion by the defendant or his counsel filed prior to
the date set for trial on the merits asserting that the defendant is incompetent to stand trial.

(b) If, during the trial evidence of the defendant's incompetency is brought to the attention of the
court from any source, the court must conduct a hearing out of the presence of the jury to
determine whether or not there is evidence to support a finding of incompetency to stand trial.


The statute was repealed by Acts 2003 78th Leg., ch. 35, effective January 1, 2004, and was
replaced with the current Code of Criminal Procedure Article 46B.004.
5. The new statute as of January 1, 2004 states:

Art. 46B.004. Raising Issue of Incompetency to Stand Trial 

(a) Either party may suggest by motion, or the trial court may suggest on its own motion, that the
defendant may be incompetent to stand trial. A motion suggesting that the defendant may be
incompetent to stand trial may be supported by affidavits setting out the facts on which the
suggestion is made.
(b) If evidence suggesting the defendant may be incompetent to stand trial comes to the attention
of the court, the court on its own motion shall suggest that the defendant may be incompetent to
stand trial.
(c) On suggestion that the defendant may be incompetent to stand trial, the court shall determine
by informal inquiry whether there is some evidence from any source that would support a finding
that the defendant may be incompetent to stand trial.
6. See Code of Criminal Procedure Article 46B.003(a).
7. As noted in Footnote 4, supra, section 2 is the former competency statute.