# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-10-00559-CV

---

**In re John Edward Morris**

---

### ORIGINAL PROCEEDING FROM COMAL COUNTY

---

## M E M O R A N D U M   O P I N I O N

This mandamus stems from a conviction imposed on John Morris in 2007. Morris was arrested in 2004 for the crime of attempted capital murder. *See State v. Morris*, 228 S.W.3d 246, 247 (Tex. App.—Austin 2007, no pet.). Morris was appointed counsel, but prior to Morris actually meeting with his counsel, the police began interrogating him. *Id.* During the interrogation, Morris waived his Sixth Amendment right to counsel and "gave several statements to the police." *Id.* After consulting with his lawyer, Morris filed a motion to suppress the statements he made, asserting that the statements were obtained in violation of his right to counsel. *Id.* The district court granted the motion to suppress, and the State appealed the district court's decision. *Id.*; *see* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2009) (explaining that State may appeal trial court granting motion to suppress). Morris asserts that in addition to appealing the trial court's decision, the State also filed a motion to stay the proceeding, pending resolution of the appeal. *See* Tex. Code Crim. Proc. Ann. art. 44.01(e) (West Supp. 2009). After the State appealed the trial court's ruling, the State and Morris entered into a plea-bargain agreement, and Morris entered a plea

of nolo contendere to a reduced charge (aggravated assault). *See In re State*, 50 S.W.3d 100, 102 (Tex. App.—El Paso 2001, orig. proceeding) (explaining that appeal from preliminary order granting motion to suppress does not suspend trial court's power to proceed on merits of case); *see also* Tex. Code Crim. Proc. Ann. art. 27.02(5) (West 2006) (stating that plea of nolo contendere has same legal effect as guilty plea). In April 2007, the district court imposed its punishment, and this Court affirmed the district court's suppression ruling in May 2007.

In this mandamus proceeding, Morris asserts that because the State did not withdraw or abate its appeal of the suppression ruling prior to executing the plea agreement and before the district court imposed its sentence, the district court's judgment is void. In other words, Morris contends that the district court did not have jurisdiction to impose the punishment, which led to his imprisonment.

Although Morris has styled his petition as a writ of mandamus, the relief he seeks amounts to relief that is available through a writ of habeas corpus under article 11.07 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2009); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd) (describing writs of habeas corpus for felony cases). This Court's original jurisdiction over habeas corpus writs is limited to civil cases, *see* Tex. Gov't Code Ann. § 22.221(d) (West 2004), and we have no jurisdiction over article 11.07 writ applications, which must be filed in the district court and then forwarded to the court of criminal appeals for a ruling, *see* Tex. Code Crim. Proc. Ann. art. 11.07, § 3; *cf. Gibson v. Dallas County District Clerk*, 275 S.W.3d 491, 492 (Tex. Crim. App. 2009) (ordering district clerk to forward writ to court of criminal appeals).

For these reasons, Morris's writ of mandamus is denied.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Filed:   September 23, 2010